#### IN THE

## SUPERIOR COURT OF JUDICATURE.

##### FOR THE

## COUNTY OF STRAFFORD, FEBRUARY TERM,

### A. D. 1828.

---

### BENJAMIN WIGGIN *versus* OLIVER F. FOSS.

C. having stolen four oxen sold them to W. who paid for them in bank bills. F. apprehended C. for the larceny and the latter delivered to F. the bills he had received of W. It was held that W. having been compelled to pay the value of the oxen to the real owner, might recover of F. the amount of the bills delivered to him as aforesaid in an action for money had and received, without showing a special demand of the bills.

ASSUMPSIT for money had and received by the defendant to the use of the plaintiff. Upon the trial here at February term, 1827, a verdict was taken for the plaintiff subject to the opinion of the court upon the following case.

On the 17th September, 1826, one Isaac W. Chesley stole four oxen belonging to Samuel Jones, and several sheep belonging to another person, which oxen and sheep he afterwards sold to the plaintiff for $71, paid by the plaintiff to Chesley in bank bills.

Soon after this purchase was made by the plaintiff it was discovered that the oxen and sheep had been stolen, and two of the oxen and sheep were restored to the owners and the plaintiff paid the owner for two of the oxen which he had slaughtered.

The defendant having apprehended Chesley for the larceny, the latter delivered the defendant fifty seven dollars in bank bills, thirty eight dollars of which were the same bills which the plaintiff had delivered to Chesley in payment for the oxen and sheep, and this action was brought to recover the last mentioned sum,

*Christie,* for the plaintiff, cited Cowper, 147, and 15, Mass. Rep. 156, *Buffington & a.* v. *Gerrish & a* ; 17 Mass. 560, *Mason* v. *Wait.*

*Mason,* for the defendant, contended, there could not be a recovery without a demand of the money before the suit, and insisted, that there was a distinction between the cases, where the defendant obtained the money by tort and where not.

RICHARDSON, C. J. delivered the opinion of the court.

We will in the first place consider how the law is with respect to this money as between the plaintiff and Chesley. It is very apparent from the case stated, that Chesley obtained the money from the plaintiff through a gross fraud and imposition by a sale of property, to which he knew he had no title ; and that the consideration, on which the bills were paid by the plaintiff to Chesley has altogether failed.

It cannot then admit a doubt that the plaintiff has a right to consider the contract between him and Chesley as rescinded and to recover back the money, which has been paid under it, from Chesley in an action for money had and received. Chesley could acquire no legal title to the money by such a contract, and the bank bills he received may be legally considered as remaining the property of the plaintiff.

Then how stands the law between the plaintiff and this defendant. Chesley delivered the bills thus belonging to the the plaintiff to Foss. For what purpose they were delivered does not appear. Foss does not pretend that they were delivered to him for his own use. As they were delivered after Foss had arrested Chesley as a thief the presumption is, that they were delivered for safe

keeping or for the purpose of being restored to the own-
er. Foss then must account for the money and the real
question is whether he shall account for it with the plain-
tiff, to whom it belongs, or with Chesley, to whom it
does not belong ? On this question it seems to us, there
can be no diversity of opinion. It is a fair presumption
from the nature of the transaction, as disclosed in this
case, that Chesley delivered the money to Foss for the
purpose of having it restored to the true owner, and that
Foss received it for that purpose. That being the case,
it is well settled, that this action may be maintained.

We are not aware that there is any rule of law, which
required the plaintiff to shew a demand in this case.

*Judgment for the plaintiff.*